**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTA C. GEDDES, | No.  2:25-cv-02955-DMC |
| Plaintiff, | ORDER |
| v. | And |
| LOANCARE, LLC, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, proceeding pro se, brings this action. Pending before the Court are Defendants' motions to dismiss, ECF Nos. 20 and 24. Plaintiff filed an opposition, ECF No. 32, and Defendants filed replies, ECF Nos. 33 and 35.

A motion to dismiss hearing was held on February 11, 2026. See ECF No. 37. Appearances were made in accord with the record. Upon finding Plaintiff's sole federal claim was not cognizable, as discussed in the following section, the undersigned directed parties to file supplemental briefings addressing the issue of federal jurisdiction. See ECF No. 37. Parties timely filed supplemental briefing. See ECF Nos. 38, 39, and 40.

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

### A.     Plaintiff's Allegations

Plaintiff asserts "this action arises from Defendants' unlawful foreclosure and eviction efforts conducted while Plaintiff was actively participating in a federally regulated loss-mitigation review." ECF No. 19, pg. 1. Plaintiff asserts that she "owns and resides at 980 Mathews Drive, Chico, CA." Id. at 3. According to Plaintiff, on August 1, 2024, she submitted a "Mortgage Assistance Application and Payment Deferral Agreement through LoanCare's Loss Mitigation Department. Plaintiff argues that under both the written terms and federal law, Plaintiff's home could not legally be sold while the loss-mitigation review was pending." Id. at 1-2. Plaintiff contends that she "repeatedly asked whether the foreclosure sale scheduled for August 21, 2024, would proceed." Id. at 3. Plaintiff asserts that "LoanCare confirmed review was active on August 6, 2024," but "Defendants proceeded with a foreclosure sale on August 21, 2024." Id. at 2. Plaintiff contends that because this sale was "during the protected review period," the sale violated the California Homeowner Bill of Rights (HBOR), 12 C.F.R. §1024.41 (Regulation X), and the Rosenthal Fair Debt Collection Practices Act. Id. According to Plaintiff, "Defendants then pursued eviction, including attempting to circumvent California protections for disabled adults by targeting Plaintiff and the caregiver rather than the legally protected occupants." Id. Plaintiff asserts eight causes of action, seven pursuant to state law and one pursuant to Regulation X, a federal law.[1] See id.

### B.     Motions to Dismiss

Defendants make various arguments as to the viability of Plaintiff's claims. See ECF Nos. 20 and 24. As to Regulation X, Defendants Loancare, LLC and Federal National Mortgage Association argue that such claim is precluded because Plaintiff cannot show that the statute provides Plaintiff protection. See ECF No. 24, at 11. Defendants assert that § 1024.41(g)

---

[1]     Defendants removed this action to federal court pursuant to original jurisdiction because Plaintiff's original complaint asserted a claim under the Fair Debt Collection Protections Act, 15 U.S.C. §1692. See ECF No. 1, pg. 2. In Plaintiff's amended complaint, she no longer asserts that federal claim and instead asserts the Regulation X claim as the only federal claim. See ECF No. 19.

imposes requirements on a loan servicer if a complete loss mitigation application is received more than 37 days before the planned foreclosure sale, but in the complaint, Plaintiff concedes she submitted the application on August 1, 2024, when the sale was scheduled for August 21, 2024. See id.

### C.   Jurisdiction

Defendants contend this Court retains both federal question and diversity jurisdiction. See ECF Nos. 38 and 40. Defendant Trustee Corps. asserts federal question jurisdiction based on the FDCPA claim from Plaintiff's original complaint at the time of removal. See ECF No. 38, pg. 2. However, Defendants Loancare, LLC and Federal National Mortgage Association ("FNMA") also point to the "RESPA / Regulation X" cause of action in Plaintiff's First Amended Complaint. See ECF No. 40, pgs. 2-3. With respect to diversity jurisdiction, Defendant Trustee Corps. contends its California citizenship is irrelevant to the diversity analysis because it is a nominal party. See ECF No. 38, pgs. 2-3. Defendants Loancare, LLC and FNMA agree that Defendant Trustee Corps. is a nominal party. See ECF No. 42, pg. 4. Defendant Loancare, LLC asserts it is a citizen of Virginia based on principal place of business. See ECF No. 40, pg. 3. Defendant FNMA asserts it is a citizen of Washington D.C. pursuant to 12 U.S.C. § 1717(a)(2)(B). See id. Defendants argue federal diversity jurisdiction over the matter is proper because Defendant Trustee Corps. is a nominal party and its California citizenship is therefore not considered, all other parties are domiciled in different states, and the amount-in-controversy exceeds $75,000. See ECF Nos. 38 and 40.

Defendant Trustee Corps. alleges it filed a declaration of non-monetary status ("DNMS") in state court to designate Defendant Trustee Corps. as a nominal party. See ECF No. 42, pg. 3. However, Defendant Trustee Corps. acknowledges the case "was removed to federal court one day before it filed the DNMS, and before the fifteen-day objection period expired." Id. Defendant Trustee Corps. contends Plaintiff "admitted in her original Opposition [that Defendant Trustee Corps. is a nominal party] and proposed dismissal of Defendant Trustee Corps." Id. According to Defendant Trustee Corps., the "FAC contains no substantive allegations against Trustee Corps nor does it seek to recover damages or provide a basis to do

3

so against Trustee Corps." Id. at 3-4.

Plaintiff contends this Court lacks both federal question and diversity jurisdiction. See ECF No. 39. Plaintiff withdraws her federal claim and claims diversity jurisdiction is absent given her assertion that Defendant Trustee Corps. is not a nominal party and has citizenship in California the same as her. See id. at 2-5. Plaintiff, in her original opposition, offered to dismiss Defendant Trustee Corps. without prejudice, "recognizing the limited scope of potential trustee liability and the absence of discovery." ECF No. 32, pg. 7. In requesting dismissal without prejudice, Plaintiff sought to preserve the ability to amend "if discovery reveals conduct outside trustee immunity, including actual knowledge of violations of Cal. Civ. Code 2924.11 or 12 C.F.R. 1024.41(g)." Id. Plaintiff maintains that Defendant Trustee Corps. did not respond to this offer. See id. On these grounds, Plaintiff asks this Court to remand the case to state court. See ECF No. 39, pgs. 7-8.

## II. DISCUSSION

The Court finds that Plaintiff's sole federal claim is not cognizable and will therefore recommend Defendants' motions to dismiss be granted as to Plaintiff's federal claim. In light of this, the Court must determine whether it is appropriate to retain supplemental jurisdiction over the remaining state claims. In determining supplemental jurisdiction would not be appropriate, the Court then considers whether this Court retains jurisdiction over the matter pursuant to federal diversity jurisdiction. Finding Defendants failed to establish diversity jurisdiction at the time of removal, the undersigned will recommend the Court remand the matter back to state court and accordingly declines to address the motion to dismiss as to Plaintiff's state claims.

    **A.**    **Motion to Dismiss**

        1.    Legal Standard

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer

4

v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see

5

Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

2.      Analysis

Regulation X provides protection to borrowers subject to foreclosure, if they file a loss mitigation application at least 37 days prior to the scheduled foreclosure. 12 C.F.R. § 1024.41(g). Plaintiff concedes that the foreclosure sale was scheduled for August 21, 2024, and she submitted her application on August 1, 2024. See ECF No. 1, pg. 3. The Court finds that Plaintiff submitted the application less than 37 days before the scheduled foreclosure sale and therefore, Plaintiff cannot seek protection under Regulation X. Indeed, Plaintiff concedes "that the timing of submission may fall outside this regulatory protection and therefore voluntarily withdraws the Regulation 12 C.F.R. § 1024.41(g) claim." ECF No. 39, pg. 2. Accordingly, the undersigned will recommend that Defendants' motion to dismiss be granted as to Plaintiff's Regulation X claim.

**B.      Jurisdiction**

1.      Legal Standard

Because Plaintiff's sole federal claim is not viable, this Court must consider whether federal jurisdiction is proper. See Grange Ins. Ass'n v. McCormick Barstow LLP, No. 1:25-cv-00694-JLT-SKO, 2025 U.S. Dist. LEXIS 110005, at *1 (E.D. Cal. June 10, 2025) ("The Court may consider the issue of subject matter jurisdiction sua sponte at any time during the proceeding, and if the Court finds 'it lacks subject matter jurisdiction, the court must dismiss the action.'" (internal citations omitted)).

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). Upon removal to federal court, the court shall "have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy." 28 U.S.C. § 1367(a). However, when federal claims are eliminated from the complaint, a court may properly refuse supplemental jurisdiction over related state claims. See 28 U.S.C. § 1367(c)(3);

6

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); United Mine Workers v. Gibbs, 383 U.S. 715 (1966) (noting whether state law claims "should" be dismissed if federal claims are dismissed before trial does not mean they must be dismissed; while courts "shall have supplemental jurisdiction under § 1367(a), they "may" decline to exercise it under § 1367(c)"). When all federal claims are dismissed on the merits, whether to retain jurisdiction over any remaining state law claims is left to the discretion of the district court. Herman Family Revocable Tr. v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001).

In determining the issue of jurisdiction, the Court also considers whether, in the absence of a federal claim giving rise to jurisdiction, the diversity of the parties effect proper federal jurisdiction. Diversity jurisdiction requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant. See GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)). To establish federal jurisdiction, diversity jurisdiction must exist "as of the time the complaint is filed and removal is effected." See Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690 (9th Cir. 1998) (diversity must exist when action is removed).

Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002). California Civil Code §2924l permits a trustee to declare "non-monetary status," if it "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ. Code § 2924l(a). However, that statute also provides for a 15-day objection period. Cal. Civ. Code § 2924l(d). "A party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection." Sun v. Bank of Am. Corp., 2010 U.S. Dist. LEXIS 19554, 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010).

"Because removing defendants must show that diversity of citizenship existed *at the time of* removal, [], and a party filing a declaration of non-monetary status does not become a nominal party until fifteen days have passed without objection by plaintiffs, courts refuse to ignore the nominal party's citizenship for purposes of diversity jurisdiction when the case is removed to federal court before the fifteen-day objection period has expired." Jenkins v. Bank of Am., N.A., No. CV 14-04545 MMM JCX, 2015 WL 331114, at *7 (C.D. Cal. Jan. 26, 2015) (emphasis in original) (internal citations omitted) (cleaned up); see also Wise v. Suntrust Mortg., Inc., No. 11-CV-01360-LHK, 2011 WL 1466153, at *4 (N.D. Cal. Apr. 18, 2011) (finding same and remanding the case back to state court).

2.      Analysis

As a preliminary matter, the undersigned finds here that the federal court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state claims. Absent a federal claim and supplemental jurisdiction over the remaining state claims, the undersigned must consider whether Defendants established diversity jurisdiction at the time the action was removed.

Defendant Trustee Corps. concedes removal to federal court was before the fifteen-day objection required to establish nominal status, pursuant to California state law, passed. Thus, Defendant Trustee Corps. cannot be considered a nominal party for the purpose of federal diversity jurisdiction. This defect was raised during the hearing on February 11, 2026, and Defendants filed supplemental briefing arguing that federal jurisdiction is proper.

Though Defendants' argument that this Court should rely on the principle that trustees are presumptively nominal parties if evidence of malice does not exist is substantively persuasive, it does not overcome the fact that Defendants failed to follow the proper procedure. Further, Defendant Trustee Corps.' contention that Plaintiff admitted Defendant Trustee Corps.' nominal party status and proposed its dismissal from the case is unpersuasive. Plaintiff proposed dismissal of Trustee Corps., without prejudice, because Plaintiff sought to preserve the right to bring claims against Trustee Corps., pending discovery. Defendant Trustee Corps.' dismissal would create complete diversity and federal diversity jurisdiction would be proper.

8

However, Defendant Trustee Corps. did not respond to Plaintiff's offer and therefore, Trustee Corps. was never dismissed.

More important, Defendant Trustee Corps. was a party to the action at the time of removal and its citizenship in California is therefore relevant for the determination of diversity jurisdiction because federal jurisdiction is required at the time of removal. This Court confirmed the Butte County Court records show Defendant Trustee Corps. filed a DNMS on October 29, 2025.[2] Five days later, on November 3, 2025, Defendants removed the action. Given Defendants removed the action prior the 15-day objection period, Defendant Trustee Corps. did not have nominal status at the time of removal and the undersigned finds their California citizenship defeats diversity jurisdiction.

Defendants in this case are sophisticated entities that are aware of these filing requirements. Indeed, Defendants cited this process in their notice of removal, "Loancare and FNMA are informed and believe that Defendant Trustee Corps has filed a declaration of nonmonetary status pursuant to California Civil Code Section 2924l and, as such, is a nominal party whose citizenship is immaterial for purposes of diversity jurisdiction." ECF No. 1, pg. 3. This demonstrates that Defendants were aware of the requirement but failed to ensure the requirement was met prior to removal, making the error more egregious.

For these reasons, the undersigned will recommend this case be remanded back to state court because it lacks jurisdiction either through federal question or diversity jurisdiction.

### III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends that:

1.  The Clerk of the Court is directed to randomly assign a District Judge to this case.

---

[2] The Court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this Court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964).

2.  It is RECOMMENDED that Defendants' motions to dismiss, ECF Nos. 20 and 21, be GRANTED as to Plaintiff's federal claim;

3.  In light of recommending dismissal of Plaintiff's sole federal claim, it is RECOMMENDED that this court decline to exercise supplemental jurisdiction over the remaining state claims; and

4.  It is RECOMMENDED that this case be remanded to Butte County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 21, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

10