IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTA C. GEDDES,

Plaintiff,

v.

LOANCARE, LLC, et al.,

Defendants.

No.  2:25-cv-02955-DMC

ORDER RE SANCTIONS

Plaintiff, proceeding pro se, brings this action.

A motion to dismiss hearing was held on February 11, 2026, and the undersigned directed parties to file supplemental briefings addressing the issue of federal jurisdiction. See ECF No. 37. Parties timely filed supplemental briefing. See ECF Nos. 38, 39, and 40. Defendants' supplemental reply briefing alleged that Plaintiff Geddes manufactured quotes and improperly represented cases in her supplemental briefing. See ECF No. 42. The Court ordered Plaintiff to respond to Defendants' allegations, ECF No. 44, and Plaintiff timely filed a response, ECF No. 45.

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

Defendants Loancare, LLC and FNMA allege Plaintiff manufactured quotes and improperly represented them in her jurisdiction supplemental briefing. See ECF No. 42, pg. 4-5. Defendants Loancare, LLC and FNMA assert Plaintiff's Kachlon quote is not in the opinion. See id. at 5. Defendants contend Kachlon favors their argument because the opinion says that a foreclosure trustee is insulated from liability if there is no demonstrable "malice," and "mere negligence" is not enough. Id. Defendants also assert that Plaintiff's Barrionuevo quote is nonexistent, and the opinion does not discuss nominal parties at all. See id. Instead, Defendants assert that Barrionuevo deals with the tender rule to wrongful foreclosure cases and is "irrelevant and lends no support to Plaintiff's position." Id.

In Plaintiff's supplemental briefing responding to Defendants' allegations, Plaintiff begins by acknowledging the relevant quotes are not verbatim excerpts, and "in some instances, reflected paraphrased summaries of legal principles." ECF No. 45, pg. 2. Plaintiff claims she misquoted authorities unintentionally. See id. As to Kachlon v. Markowitz, 168 Cal.App.4th 316 (2008), Plaintiff agrees with Defendants that Kachlon says trustee immunity privilege may not apply if there is malice, however, Plaintiff argues that Kachlon does not control the federal jurisdiction issue and therefore, her prior mischaracterization does not affect whether Trustee Corps. was "a properly joined, non-diverse defendant at the time of removal." Id.

Plaintiff claims the allegedly manufactured quote from Barrionuevo v. Chase Bank, N.A., 885 F.Supp.2d 964 (N.D. Cal. 2012) was "paraphrased language" that was "cited as an example of a case permitting borrower claims arising from foreclosure conduct to proceed past the pleading stage, not as authority addressing nominal party status or removal jurisdiction." Id. at 3. Plaintiff contends that Barrionuevo "was cited for a limited and **appropriate** purpose and does not affect the jurisdictional analysis currently before the Court." Id. (emphasis added). Plaintiff closes the brief by discussing federal jurisdiction issues at the time of removal and maintains "any imprecision in prior citations was inadvertent." Id. at 4.

///

## II. DISCUSSION

When presenting to a court a written and signed pleading, motion, or other paper, an attorney "certifies that to the best of the person's knowledge, information, and belief . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Signing the pleading certifies the attorney has "read the document, conducted a reasonable inquiry into the facts and the law and [is] satisfied that the document is well grounded in both, and is acting without any improper motive." Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 542 (1991). A lawyer shall not "knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Cal. R. Prof. Conduct 3.3(a)(1). To this end, a lawyer shall not "knowingly misquote to a tribunal the language of a book, statute, decision or other authority." Cal. R. Prof. Conduct 3.3(a)(2).

In considering the appropriate response to finding manufactured quotes in a parties' briefing, the Court considers how the issue is addressed within the Ninth Circuit. In Tercero v. Sacramento Logistics, LLC, the judge found a plaintiff's attorney cited two cases that do not exist, ten other cases that do not contain the language quoted by the plaintiff's attorney, and twelve cases that do not support the propositions the plaintiff's attorney offered them for. Tercero v. Sacramento Logistics, LLC, 2025 WL 2605020 at *1 (E.D. Cal. 2025). The plaintiff's attorney pointed to stress factors from late evenings and caretaker responsibilities which resulted in "oversight." See id. at *3. The court still found the plaintiff's attorney had a duty to check citations and sanctioned her in the amount of $1,500, directed the plaintiff's attorney to serve a copy of the order on her client, and directed the clerk of the court to serve a copy of the order to the state bar. See id. at *13.

In another case, a pro se plaintiff's citations were inaccurate from using artificial intelligence, but the court chose to treat the fact that artificial intelligence was used as a collateral issue. See Gjovik v. Apple, Inc., 2025 WL 2379767 at *3 (N.D. Cal. 2025). The pro-se plaintiff was not an attorney, no sanctions were issued, and the court adjudicated the issues

3

on their merits. See id. In S.E.C. v. Historic Asset Placement Servs., Global, LLC, the Court found that pro se litigants must still comply with Local Rules and the Federal Rules of Civil procedure but declined to impose sanctions on a pro se defendant. S.E.C. v. Historic Asset Placement Servs., Global, LLC, 2025 WL 2674529 at *6 (C.D. Cal. 2025). The court warned it would impose appropriate sanctions, including striking filings and imposing monetary sanctions, if the misconduct continued. See id.

Here, Plaintiff manufactured two significant quotes that favor her position that Defendants Trustee Corps should not retain status as a nominal party. Plaintiff's recent supplemental briefing responded to the allegations of manufactured quotes and misrepresented cases. Plaintiff characterized her manufactured quotes and misrepresented cases as reflecting "paraphrased summaries of legal principles" instead of "verbatim transcripts." ECF No. 45, pg. 2. Plaintiff further claimed the mistakes were unintentional. See id. However, as a licensed attorney barred in the State of California, Plaintiff is held to a higher standard than ordinary pro se litigants. Further, the content and form of Plaintiff's two troubling misquotes suggest deliberate misdirection to this Court.

Plaintiff misquoted Kachlon v. Markowitz, 168 Cal.App.4th 316 (2008) to assert, "The trustee's common interest privilege is qualified . . . and may be lost where the trustee acts with malice or exceeds the scope of its statutory duties." ECF No. 39, pg. 4. Plaintiff additionally misrepresented Barrionuevo v. Chase Bank, N.A., 885 F.Supp.2d 964 (N.D. Cal. 2012) by stating the case said, "Because Plaintiff's challenge the validity of the foreclosure process itself, the trustee defendants cannot be considered nominal parties." Id. at 5.  The Kachlon misquote falsely represents the scope of its opinion and the Barrionuevo misquote is unrelated to its cited opinion. Plaintiff enlarged the scope of Kachlon's holding for removing nominal status for trustees. See Kachlon v. Markowitz, 168 Cal.App.4th 316 (2008). Also, Barrionuevo deals with the tender rule to wrongful foreclosure cases and does not discuss nominal party status anywhere in the opinion.

///

///

Further, Plaintiff's supplemental briefing indicates she had the ability and knowledge to correct the misquotes prior to filing. Plaintiff claims these were "paraphrased summaries of legal principles." ECF No. 45, pg. 1. However, Plaintiff's original supplemental briefing included other sentences which did paraphrase the cited cases and those did not have quotation marks around them. In that original supplemental briefing, Plaintiff chose to put quotation marks around specific sentences, indicating a direct quote, but those sentences were not found in the cited opinions. The difference in how these sentences were formatted demonstrates intent to misrepresent authorities. The undersigned finds these misquotes cannot be considered "paraphrased summaries" because Plaintiff's choice to put quotation marks around them.

The Court in S.E.C. issued warnings instead of a sanction. Plaintiff here is a licensed attorney litigating pro se, whereas in S.E.C., the plaintiff was also pro se, but not a licensed attorney. Plaintiff's status as an attorney confers a higher standard of candor to this Court than a non-attorney pro-se litigant. If the improper quotes were intentional, Plaintiff violated her duty of candor to this Court and Cal. R. Prof. Conduct 3.3(a)(2) by knowingly misquoting and/or misrepresenting cited authorities. Even if the improper quotes were accidental, Plaintiff had the duty to make a reasonable inquiry into their validity. See Fed. R. Civ. P. 11(b)(2). Signing the document certifies Plaintiff made that reasonable inquiry. Id.

The Court recognizes that Plaintiff, while an attorney, is representing herself and therefore, a case like Tercero, has distinctions. An attorney's misconduct when representing another person can negatively impact that person's ability to have a fair adjudication of their case, though arguably, misconduct by an attorney representing themselves only harms themselves. Further, the volume of manufactured quotes in Tercero was much greater than the two manufactured quotes here. However, the undersigned finds that while the scope of the violation here may be distinguishable from Tercero, the existence of an intent to gain an unfair advantage through a misrepresentation of legal citation is the same in both cases, and here warrants both a monetary sanction and reporting to the bar.

///

5

Although its use is not conclusive here, this Court expresses its grave concern about the use of generative artificial intelligence without the appropriate due diligence and verification by the attorney signing the filing. The appearance of hallucinated cases, improper citations, and distortions of opinions create consequences that fall on the attorney, as filing documents with this Court certifies that any assertions made are supported by law and signatures on the documents filed mean the attorney has performed the appropriate due diligence. If Plaintiff elects to go down the treacherous path of employing generative artificial intelligence in drafting her filings to this Court, she must realize she bears the responsibility for that election and all related consequences, and nothing about that election constitutes a substitute for attorney diligence.

This Court finds that the Plaintiff's effort to "double down" on the initial misrepresentation by now characterizing it as a "paraphrase" is both disingenuous and lacking any effort to take responsibility for an apparent lapse in good judgement and professional responsibility. Equally disconcerting is the Plaintiff's "no harm, no foul" attitude embraced in the contention that the misrepresented Barrionuevo authorities do not affect the jurisdictional analysis before the court.

In light of both the gravity of Plaintiff's violations and the lack of any satisfactory explanation after being given the opportunity to respond to the issues raised by Defendants, the Court finds sanctions are appropriate.

Accordingly, it is HEREBY ORDERED that:

1.    Petitioner shall pay $1,000 in sanctions within 30 days of this Order;

2.    Petitioner shall serve a copy of this order to the California Bar Association;

3.    Petitioner shall file a notice of compliance with this order within 60 days of the date of this Order.

Dated:  April 22, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6